13-4569
Miao v. Holder

BIA
Vomacka, IJ
A200 736 829

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of April, two thousand fifteen.

PRESENT:
> DENNIS JACOBS,
> PETER W. HALL,
> DENNY CHIN,
> *Circuit Judges.*

_____

GULI MIAO,
> *Petitioner,*

v.                                                     13-4569
                                                       NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Gregory Marotta, Vernon, New Jersey.

FOR RESPONDENT:          Stuart F. Delery, Assistant Attorney
                         General; Ernesto H. Molina, Jr.,

Assistant Director; Drew C. Brinkman, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Guli Miao, a native and citizen of the People's Republic of China, seeks review of a November 5, 2013, decision of the BIA affirming a May 14, 2012, decision of an Immigration Judge ("IJ") denying Miao's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Guli Miao,* No. A200 736 829 (B.I.A. Nov. 5, 2013), *aff'g* No. A200 736 829 (Immig. Ct. N.Y. City May 14, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v.*

*Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008). The agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on an asylum applicant's demeanor, the plausibility of his account, and inconsistencies in his statements and other record evidence "without regard to whether" they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. Substantial evidence supports the agency's determination that Miao was not credible.

The agency reasonably relied on Miao's demeanor, noting that he was evasive in response to questions on cross-examination that raised issues weakening his claim. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005). The IJ was not compelled to credit Miao's explanation that he had difficulty understanding the interpreter. *See Majidi*, 430 F.3d at 80. As the IJ noted, Miao admitted during the course of the hearing that he understood the interpreter, he testified concisely and without confusion on direct examination, and his answers on cross-examination, although evasive, reflected understanding

of the questions posed as the answers related tangentially to the issues raised.

The agency's demeanor finding and the overall credibility determination are bolstered by record inconsistencies and implausible testimony related to, among others facts, when family planning officials first visited Miao after the birth of his second child, whether officials would have known that his wife was hospitalized at the time of that visit, and whether his wife went into hiding at her parents' house after that visit. *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006); *see also Wensheng Yan v. Mukasey*, 509 F.3d 63, 66 (2d Cir. 2007). Having questioned Miao's credibility, the agency reasonably relied further on his failure to provide credible evidence rehabilitating his testimony. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007).

Given the demeanor, inconsistency, implausibility, and corroboration findings, the agency's adverse credibility determination is supported by substantial evidence, and is dispositive of asylum, withholding of removal, and CAT relief. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk